AO 91 (Rev. 08/09)  Criminal Complaint                                                                 AUSA Marton Gyires

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Morris Jones, Jr., | ) | Case No.   16-114-FJL |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

FILED by _____ D.C.
OCT 19 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 17, 2016_____ in the county of _____St. Lucie_____ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm and ammunition by a convicted felon |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
Complainant's signature

James T. Houk, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/19/2016

_____
Judge's signature

City and state: _____Fort Pierce, Florida_____   Frank J. Lynch, Jr., Chief U.S. Magistrate Judge
*Printed name and title*

## Affidavit

I, James T. Houk, being duly sworn, do solemnly swear and state that:

1. I am currently a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have served in that capacity since September of 2014, investigating violations of federal law. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I have my bachelor's and master's degrees in criminal justice from Florida Atlantic University. I have received additional specified training in Terrorism, Street Gangs, and Open Source Internet and Social Media Investigations.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Morris Jones, Jr. ("JONES") for violation of the laws of the United States, that is, possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). As such, this affidavit does not contain all of the information known to me regarding this investigation.

3. On or about October 17, 2016, law enforcement responded to a 911 call on a possible home invasion robbery that occurred in Port Saint Lucie, Florida at single family home. Law enforcement obtained relevant surveillance video footage that showed a light green Grand Marquis vehicle arriving at the house at the time of the reported robbery. The video showed the occupants of the car exit the car, enter the house, and run back to the car. The car then left the scene. A "be on the lookout" or "BOLO" notice described the car and was issued for law enforcement to locate that vehicle.

4. The Saint Lucie County Sheriff's Office ("SLCSO") located the vehicle matching the BOLO; it was parked in front a single family home located at 1101 North 22nd Street Fort Pierce, Florida. SLCSO Detectives Timothy Fulston and Jeff Serafinithen observed a man later identified as JONES exiting the house at 1101 North 22nd Street. JONES was wearing a black t-shirt, black pants,

and black and white sneakers, and was carrying a black duffel bag. JONES was seen starting to walk down the street.

5. Detectives Fulson and Serafini approached JONES and began to talk to him. The detectives had clothing that identified them as SLCSO police. JONES said that he had just left a house on North 22nd Street and had just bought what was in the duffle bag along with a smart phone from some people at that house. JONES told the detectives that there was a firearm in the bag.

6. Detective Fulston handcuffed JONES and took the duffle bag from him for safety purposes and further investigation. Detective Fulston then conducted a pat down on JONES. Detective Fulston then searched the bag and located an EIG Model E15 .22 caliber revolver, serial number 432023. The revolver was loaded with 4 rounds of .22 long rifle ammunition. Other contents of the bag included a Toshiba power cord, a Logitech wireless mouse, a white laundry bag net, a Sony remote control, a GPX CD player with two speakers attached, a GRP remote control for the CD player, an Apple iPod 8GB player with a blue rubber case, and a USB cable used for the iPod. JONES also had a Samsung smart phone, which he said he just purchased at the house.

7. JONES was read his <u>Miranda</u> rights. JONES agreed to answer questions without an attorney present. JONES said, among other things, that he had just bought the stuff that was in the bag from two juveniles and that he knew there was a gun in the bag. JONES said that he is a convicted felon.

8. SLCSO Detective Keith Pearson then arrived on scene and conducted another interview of JONES. This interview was audio and video recorded. Detective Pearson once again read JONES his <u>Miranda</u> rights, and JONES again waived his rights and agreed to speak without a lawyer present. JONES again said that there was a firearm in the bag and stated that he was a convicted felon. Detective Pearson explained to JONES that contact was made with JONES because it appeared he had come from a vehicle believed to be used during a home invasion robbery. JONES said that he did not come from that vehicle, but acknowledged he knew what vehicle Detective Pearson was referring to.

9. Detective Fulston conducted a search of JONES, at which time JONES said that he had crack cocaine in his right sock. Indeed, a small brown cigar tube containing crack cocaine rocks was found in his sock. The crack cocaine field-tested positive for cocaine. JONES was transported to the SLCSO Criminal Investigation Division, where a video and audio recorded interview was initiated.

10. Detective Fulton asked JONES what else was in the black duffle bag and JONES said there were some headphones, a radio, and a remote control. JONES said he paid $25 for the items. JONES said he went into a bedroom and negotiated a price for what was in the bag. Detective Fulston then asked JONES if he traded some crack cocaine along with the money. JONES said that he did not, but that he does sell crack cocaine. Detective Fulston then asked JONES if he makes his own crack or if he gets it from someone else, and JONES said he gets his crack from someone, and that he is just trying to make a few dollars.

11. I then arrived and also interviewed JONES in the same room, which was also audio and video recorded. I asked Jones if he had been read his <u>Miranda</u> warnings to which JONES said that he had. I reminded JONES that his rights under <u>Miranda</u> were still in effect to which JONES acknowledged he understood. JONES said he had previously handled the firearm in the black duffle bag and that his DNA would be on the firearm. JONES then described the firearm as being a revolver with some rust (which is an accurate description of the firearm). JONES acknowledged that he was a convicted felon and said he was recently released from prison. JONES said he had not had his right to possess a firearm restored.

12. A criminal history check of JONES revealed JONES has multiple felony convictions, including: burglary of a structure in 2011; battery by a detainee in 2014; fleeing and eluding light and sirens active in 2014; and possession of cocaine in 2016.

13. JONES was transported to the Saint Lucie County Jail for processing and is currently in state custody pending state proceedings.

14. According to Interstate Nexus Expert ATF Special Agent Michael Kelly, the EIG Model E15 revolver and the 4 rounds of .22 caliber long rifle ammunition were all manufactured outside of the state of Florida thus traveled in and affected interstate commerce.

15. I contacted the Florida Office of Executive Clemency, which stated there is no record of JONES ever having his right to possess a firearm restored.

16. Based on the forgoing, your affiant believes that probable cause exists to arrest Morris Jones, Jr. for possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
JAMES T. HOUK, SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

Subscribed and sworn to before me this 19 day of October, 2016, in Fort Pierce, Florida.

_____
FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE